LYNN, Respondent, v. SCHIRBER, Appellant.

(183 N. W. 864.)

(File No. 4899. Opinion filed June 30, 1921.)

1. **Actions—Claim of Title to Decedent's Estate Through Paying His Debts and Services, Judgment Thereon, Filing of Alternative Creditor's Claim Pending Appeal from Judgment, Whether Concurrent Remedies, Whether Appeal Dismissible.**

Where defendant claimed title to decedent's estate under an agreement between him and decedent in his lifetime that defendant should pay all just debts of decedent and after his death should provide burial and have suitable monument erected and pay $1000 to a third person and turn over to her all personal effects, etc., in decedent's house, with conveyance of lots' constituting his homestead, and pay to another person $1000, all of which terms, conditions and acts he has fully performed; judgment having been rendered in an action by the administrator against defendant to avoid such conveyance of decedent's property upon the ground of the latter's mental incapacity to contract; and pending defendant's appeal therefrom, time for creditors to present claims against the estate being about to expire, he filed his creditor's claim for the moneys so paid by him, which claim is pending and undetermined; respondent having moved to dismiss the appeal on the ground that appellant waived his right to appeal by pursuing the remedy through filing said claim; held, that defendant-appellant had two conditions to meet, but not two concurrent remedies; the existence of right to file his said claim depending on question whether or not he had acquired title to decedent's

property, his claim to which and his claim against decedent's estate not being concurrent—the. latter being dependent; his right to the property depended not upon choice of remedies, but upon adjudication of disputed facts, as was his claim against the estate; he being entitled to legal adjudication of said facts, and his claim of review on appeal was not a waiver of any right or contingent remedy against the estate; neither remedy was abandoned by the course pursued; that filing of the claim was not voluntary but compulsory, being necessary to preserve his contingent remedy against the estate pending such other adjudication on appeal; and motion to dismiss appeal is denied.

2.   Remedies—Election of Remedies—Several Methods of Relief Essential to Application of.

The doctrine of election of remedies has no application save where there are two or more methods of enforcing a claim; and said doctrine is inapplicable under circumstances under which one, claiming title to a decedent's estate upon consideration of certain services and payments of money, but who has been defeated in a suit to set aside conveyance of title to him, from which judgment he has appealed, and, pending appeal, has filed a creditor's claim against the estate to recover the amounts so expended.

Appeal from Circuit Court, Campbell County. Hon. JOSEPH H. BOTTUM, Judge.

Action by George W. Lynn, Administrator of the Estate of John F. Nicholson, deceased, against Martin J. Schirber. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Motion to dismiss appeal. Motion denied.

*Campbell & Walton,* for Appellant.

*A. H. Wells,* and *Lynn & Lynn,* for Respondent.

(1) To point one of the opinion, Appellant cited: 3 Corpus Juris, Sec. 556, page 682; 3 C. J. Sec. 552, p. 630; 2 Cyc. p. 653; Belle Fourche Valley Ry. Co. v. Belle Fourche Land Co. (S. D.) 133 N. W. 261; Whitaker v. Deadwood, 12 S. D. 608.

Respondent cited: Code 1919, Sec. 3389; Meade County v. Welch, (S. D.) 148 N. W. 601; 25 Cyc. 1056; 3 C. J. Sec. 536; Copland v. Eastwood, 33 S. D. 229, 145 N. W. 431; 20 C. J. Secs. 6, 9, 17; Clausen v. Head, 110 Wis. 405, 85 N. W. 1028.

(2) To point 2, see, re Appellant's citations, his citations to point one.

The same re Respondent's citations.

SMITH, J.   Motion to dismiss appeal on the ground that appellant has waived his right to appeal by pursuing a remedy for relief inconsistent with his right to relief in the action or upon appeal.   Plaintiff claimed title as administrator to all the property left by John F. Nicholson, who died on the 13th day of August, 1919, and alleged that the defendant had wrongfully converted the same.   Defendant, by his answer and at the trial, claimed title to the property, alleging a transfer and conveyance thereof to himself by deceased, John F. Nicholson, on or about August 11, 1919, in consideration of a written contract or agreement on the part of defendant that he would provide proper care and necessities of life, and all comforts reasonably possible, during the remainder of the life of said Nicholson, and, in further consideration, that said defendant should pay all just debts owing by said Nicholson, and after the death of said Nicholson should provide proper burial, and have a suitable monument erected over his grave, and, in further consideration, that said defendant should, after the death of said Nicholson, pay the sum of $1,000 to Mrs. Herman Rische, and turn over to her all the personal effects, furniture, and utensils in the house of said Nicholson, together with a conveyance of lots constituting his homestead, and, in further consideration, that defendant, after the death of said Nicholson, should pay to one Frank Warschawsky the sum of $1,000.   Defendant alleged and shows that he has fully complied with all the terms and conditions of said contract, and has made and completed all the transfers and payments therein provided for and required.   For the purposes of this motion these facts must be conceded.   Plaintiff Lynn was appointed administrator of the deceased's estate upon the application of one Albert Nicholson, brother of the deceased.

At the trial, plaintiff sought to avoid the conveyance and transfer of decedent's property to defendant, upon the ground, and alleging that, decedent, at the time of signing said contract and making said transfers and conveyances to defendant, was of weak and enfeebled intellect, to such an extent that he was unable to understand the nature of the contract which he signed, and the transfers and conveyances made, and that, by reason thereof, his said acts were wholly void and ineffective, and did not operate to transfer title to said defendant.   The cause was submitted to

a jury, which returned a verdict for plaintiff, upon which judgment was entered. Thereafter, defendant duly perfected this appeal from the judgment, and from an order overruling his motion for a new trial. After the entry of judgment in the trial court, the time for creditors to present claims against the estate being about to expire, the defendant, fearing that, should the judgment be affirmed on appeal, and the time for creditors to present claims expire, there would be no way to protect himself for services rendered to deceased, and for the money paid by him for bills of deceased, for expenses of last illness and burial, and sums paid for tombstone, and to Mrs. Rische and Frank Warschawsky, filed in the county court a claim against the estate for the amounts thereof, which claim is pending, and wholly undetermined. Respondent now insists that the filing of this claim amounts to the election of a remedy inconsistent with the rights claimed by defendant at the trial and upon this appeal, and that defendant should be precluded from further reliance upon his claim to decedent's property, and that the appeal should be dismissed and denied.

[1] Defendant had two conditions to meet, but not two concurrent remedies. The very existence of the possible right to file his claim and recover from the estate for services and money expended in behalf of decedent depended wholly upon the question whether or not he had, in fact, acquired the title to decedent's property. His claim to the property, and his claim against decedent's estate, are not concurrent; the latter claim is dependent. His right to decedent's property depended upon an adjudication of disputed facts, and not upon a choice of remedies. His right to make a claim against the estate was dependent upon the same facts. The two claims are inconsistent only in the sense that they cannot coexist. But appellant was at all times entitled to an orderly and legal adjudication of the disputed facts, and his claim upon appeal to a review of the proceedings at the trial was not a waiver of any right or contingent remedy against the estate dependant upon such adjudication.

He cannot be held to know, as a matter of law, whether he is the legal owner of decedent's property until the disputed facts are finally adjudicated, and he certainly cannot, because of filing his contingent claim, be held to have voluntarily waived his right

to such adjudication; neither can he be held to know, as a matter of law, that he has a remedy against the estate until after such adjudication. Then how can it be said that he has abandoned either remedy by merely doing an act essential to the preservation of his contingent rights. We are of the view that the filing of the claim against the estate was not, in a legal sense, voluntary, but was compulsory, in that in no other way could he preserve his contingent remedy against the estate until a final adjudication of the facts upon which it depended.

[2] It is said that the doctrine of election of remedies has no application except where there are two or more methods of enforcing the claim. Gibson v. Oppenheimer (Tex. Civ. App.) 154 S. W. 694. We are of the view that the doctrine of election has no application in this case, either directly, or by analogy, and that appellant's motion should be denied.

It will be so ordered.